# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN GALLAGHER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SEAN GALLAGHER, SCOTT FISHMAN, ) <br> JOHN LOWMAN, and THE CITY OF ) <br> HIGHLAND PARK, ) <br> ) <br> Defendants. ) | 07 CV 4196 <br><br> Case No. 0 CV 4196 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On April 15, 2010, the Court entered judgment in favor of defendants, the City of Highland Park and Highland Park police officers Sean Gallagher, Scott Fishman and Jon Lowman, and against plaintiff Kevin Gallagher, based on a jury verdict. The defendants have petitioned for an award of costs in the amount of $12,377.85 pursuant to Federal Rule of Civil Procedure 54(d). For the reasons stated below, the Court awards the defendants costs in the amount of $6,755.05.

## Discussion

A prevailing party is presumptively entitled to recover "[c]osts other than attorney's fees" as a matter of course, Fed. R. Civ. P. 54(d)(1), and "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). A court must determine whether the costs are recoverable and whether they were reasonably

necessary to the litigation.  *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000); *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).  Recoverable costs include "(1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under section 1923 of this title; (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.  Additionally, it is "within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)." *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983).

1. **Gallagher's claimed indigence**

Gallagher argues that costs should be denied due to his indigence.  The indigence exception to the presumption that a prevailing party is entitled to costs "is a narrow one."  *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006).  A court must make a threshold finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future."  *Id*. at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)).  The losing party must provide evidence sufficient to show his inability to pay the costs both currently and in the future.  *Id.* at 635; *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988).  The court also "consider[s] the amount of costs, the good

2

faith of the losing party, and the closeness and difficulty of the issues raised." *Rivera*, 469 F.3d at 635.

Gallagher provides insufficient evidence to demonstrate an inability to pay an award of costs in the future. There is no evidence that he suffers from any health issues that might prevent him from finding work, nor is he responsible for the caretaking of anyone other than himself. Moreover, the occasional work he performs for Gallagher Engineering indicates a continued ability to enter the workforce. In short, Gallagher's demonstrated ability to find employment to cover his monthly expenses undermines his claim that he is incapable of paying court-imposed costs.

**2.     Appropriateness of individual costs**

   **a.     Expert fees**

Gallagher objects to reimbursement of the fees charged by defendants' expert witness Dr. Rick Gimbel. As a general rule, expert fees beyond the limits prescribed by 28 U.S.C. § 1821 are not recoverable as costs. *See Henkel v. Chicago, St. P., M. & O. Ry. Co.*, 284 U.S. 444, 446 (1932); *Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 801 F.2d 908, 909-10 (7th Cir. 1986); *Fletcher v. Chicago Rail Link, LLC*, No. 06 C 842, 2007 WL 4557816, * 1 (N.D. Ill. Dec. 20, 2007). The statutory maximum amount recoverable is "$40 per day for each day's attendance" when the witness testifies, along with travel and subsistence expenses. 28 U.S.C. § 1821. The Court agrees with Gallagher and reduces defendants' bill of costs by $1,900.

   **b.     Photocopying of multiple sets of documents produced in discovery**

Gallagher objects to defendants' request for reimbursement of charges for

duplicating discovery materials. Section 1920 provides for the taxation of costs associated with "making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. Such materials include discovery documents, so long as the court can determine and justify that the copies are reasonably necessary and not simply for the convenience of attorneys. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) (finding that "two copies of every document…makes sense" and is useful in ensuring each party to a case has a copy of the document); *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 763 (N.D. Ill. 1996).

Gallagher argues that the multiple sets of discovery materials were simply for the convenience of the defendants' lawyers. Though he relies on *NLFC*, the court in that case denied more than one copy's worth of duplication costs because the prevailing party failed to explain why multiple copies were necessary. *NLFC, Inc.*, 916 F. Supp. at 763. Here, by contrast, defendants indicate under the discovery duplication listings for August 13, 2008, November 5, 2008, November 11, 2008, and January 30, 2009 that the records being copied were obtained in response to a production request. Although listings for June 17, 2009 and June 26, 2009 are without a similarly stated justification, the June 17 listing is only for one copy and the June 26 listing is only for two. Even without a detailed description, it is reasonable to infer, as the Seventh Circuit did in *Kulumani*, that both parties would have a use for one copy of these records.

The only duplication listing challenged that involves more than two copies is for

August 13, 2008, in which defendants request expenses for four copies of discovery materials at $.06 per page. Defendants have failed to justify why more than two copies were necessary. Therefore, the Court denies in part the cost of photocopying discovery documents and reduces defendants' bill of costs by $287.88 for two copies of discovery materials from the August 13, 2008 listing.

### c. "Bates-labeling" of discovery documents

Gallagher objects to defendants' request to recover costs associated with Bates-labeling of discovery documents. The Court agrees that these costs are not recoverable. *See Zenith Electronics Corp. v. WH-TV Broadcasting Corp.*, No. 01 C 4366, 2004 WL 1631676, * 5 (N.D. Ill. July 19, 2004) (finding that, regardless of how useful Bates-labeling may be, "there is no provision in the statute for recovering the expense of organizing documents in a party's case in general or of Bates numbering in particular") (quoting *Baxter Int'l v. McGaw, Inc.*, No. 95 C 2723, 1998 WL 102668, *3 (N.D. Ill. Mar. 3, 1998)). The Court reduces defendants' bill of costs by $163.71.

### d. Shipping, handling, and delivery costs

Gallagher also objects to the recovery of costs incurred with shipping, handling, or delivery. Because these costs are considered "ordinary business expenses," they are not recoverable. *See e.g., American Nat. Ins. Co. v. Citibank, F.S.B.*, 623 F. Supp. 2d 953, 956 (N.D. Ill. 2009) (deducting delivery and postage expenses from the prevailing party's videotaped deposition costs). The Court therefore disallows defendants' requested costs associated with shipping, postmarking, and delivering deposition transcripts for March 9, 2009, March 20, 2009, July 28, 2009, August 20,

2009, and discovery documents for August 13, 2008, November 5, 2009, November 11, 2008, January 30, 2009, April 30, 2009, June 17, 2009, and June 26, 2009, and reduces the bill of costs by $176.41.

   e.   **Photocopying of deposition exhibits**

Court reporter charges associated with photocopying deposition exhibits are recoverable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920. Gallagher contends that the photocopying of deposition exhibits for March 20 and November 18, 2009 was merely for the convenience of defendants' counsel, and cites *Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 457 (7th Cir. 1998), for support. Yet unlike in *Cengr*, where both parties were already in possession of the deposition exhibits at the time the copies were made, here there is no indication that Gallagher was in possession of the exhibits used at depositions taken by the defendants. Moreover, the defendants only made a single copy of the March 20 and November 18, 2009 deposition exhibits, thereby comporting with *Kulumani*'s standard for what qualifies as "necessarily obtained." Thus, the Court awards defendants $74 for costs incurred in photocopying deposition exhibits.

   f.   **Deposition transcripts not used at trial**

The cost of obtaining deposition transcripts, whether printed or electronically recorded, is recoverable if the transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920. "[T]he determination of necessity must be made in light of facts known at the time of the deposition." *M. T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991). *See, e.g.*, *Finchum v. Ford Motor Co.*, 57 F.3d 526,

534 (7th Cir. 1995) (allowing recovery of deposition transcripts not used in an automobile-defect trial because of the attorneys' need at the time the depositions were taken to prepare for a complex case involving particularly technical matters). Though not dispositive, the use of a deposition transcript at trial provides a strong inference that the transcript was necessarily obtained. *Fletcher*, 2007 WL 4557816, at *1.

Gallagher argues, and the Court agrees, that the depositions of Edward Kubicki, Nada Pajevic, Jason Patt, Sean Curran, and Dr. Lyle Rossiter were not necessarily obtained by defendants. First, unlike in *Fletcher*, none of these deposition transcripts were used at trial. Second, defendants have provided no explanation of how these five depositions were necessary to the litigation. Moreover, in contrast to *Finchum*, there is no indication that this case was particularly complex or that it involved particularly technical issues. Nor were these deposition transcripts used in connection with defendants' motion for partial summary judgment. In the absence of any explanation by the defendants that it was reasonably necessary to depose Mr. Kubicki, Ms. Pajevic, Mr. Patt, Mr. Curran and Dr. Rossiter, the Court will not award the cost of these deposition transcripts. The Court reduces defendants' bill of costs by $1,381.40.

      **g.**     **Deposition transcripts in excess of copy rate**

The cost of recovery for a deposition transcript "shall not exceed the regular-copy rate as established by the Judicial Conference of the United States and in effect at that time." N.D. Ill. LR 54.1(d). Gallagher argues that because the deposition transcripts of Sean Gallagher, Scott Fishman, David Shwartz, and Jonathan Lowman were "copies," rather than the original or first copy of the deposition transcript, recovery

7

is limited to the $.90 per page rate established by the Judicial Conference. Local Rule 54.1, however, "allows for recovery of the full charge, so long as it does not exceed the highest maximum rate as established by the Judicial Conference." *Fletcher*, 2007 WL 4557816, at *1. The Judicial Conference rates in effect at the time of trial in this case were $3.65 per page for an original. Because the $2.50 per page rate requested by defendants is below that rate, the Court will allow defendants to recover these costs in the amount of $1,295.[1]

  h.  **Court reporter attendance fees**

Gallagher objects to defendants' request to recover the court reporter attendance fees associated with his own deposition and Dr. Gimbel's deposition. A court reporter attendance fee is recoverable to the extent that, when added to the per page rate for the corresponding deposition transcript, the fee does not cause the total per page rate to exceed the regular-copy rate as established by the Judicial Conference. *Fletcher*, 2007 WL 4557816, at *1; *Portman v. Andrews*, 249 F.R.D. 279, 282 (N.D. Ill. Sept. 17, 2007); *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, *3 (N.D. Ill. Mar. 15, 2002).

The Court agrees with Gallagher that allowing recovery of the requested attendance fees would cause the total charge for the deposition transcripts to exceed the maximum per page rate established by the Judicial Conference. As described above, the maximum per page rate at the time of trial was $3.65, which means the maximum amounts recoverable for the depositions of Kevin Gallagher and Dr. Gimbel

---

[1] Because the Court already denied recovery of the deposition transcripts for Sean Curran and Dr. Lyle Rossiter, it need not address those costs here.

8

are $1,397.95 and $193.45, respectively. Yet on their bill of costs, defendants request $1,589.45 for Gallagher's deposition transcript plus an attendance fee of $382.50 and $180.20 for Dr. Gimbel's deposition transcript plus an attendance fee of $95. Because the Court already denied recovery for the deposition transcripts for Edward Kubicki, Nada Pajevic, and Jason Patt, it need not address those associated court reporter attendance fees. The Court reduces the bill of costs by $477.50.

i. **Expedited delivery fees**

Although delivery fees generally are not recoverable, *American Nat. Ins.*, 623 F. Supp. 2d at 956; *Fletcher*, 2007 WL 4557816, at *2; *Harkins v. Riverboat Services, Inc.*, 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003), fees associated with the expedited delivery of transcripts may be recovered if the prevailing party demonstrates that it was reasonably necessary to do so. *Top Tobacco, L.P. v. North Atlantic Operating Co.*, No. 06 C 950, 2007 WL 1149220, *8 (N.D. Ill. Apr. 17, 2007). As in *Top Tobacco*, in which the defendant ordered an expedited transcript in preparation for a deposition taking place shortly thereafter, defendants deposed Gallagher just three days before Gallagher deposed Sean Gallagher and Scott Fishman. Thus, it was reasonably necessary for defendants to order an expedited transcript, and the Court awards defendants $191.50.

j. **Transcript of medical examination/interview**

The cost of printed or electronically recorded transcripts is recoverable if the transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920. Section 1920 does not limit the taxing of costs to transcripts of depositions or court proceedings. Defendants are correct that Gallagher's examination/interview was court-

9

ordered. As such, the Court finds the transcript reasonably necessary, allows recovery of the examination/interview transcript, and awards defendants $845.50.

k.  **Transportation expenses for travel to medical exam / interview**

Gallagher objects to defendants' request to recover transportation expenses they incurred for Gallagher to travel to his examination/interview with Dr. Rossiter. The Court agrees with Gallagher that defendants cannot recover these costs. Witnesses are entitled to transportation expenses, s*ee* 28 U.S.C. § 1821, which may be taxed as costs. *See* 28 U.S.C. § 1920. But because Gallagher did not attend the examination as a witness, defendants are not entitled to recover these transportation costs. Thus, the Court need not decide whether the transportation expenses were reasonably necessary. The Court reduces defendants' bill of costs by $712.00.

l.  **Transcript of final pretrial conference**

Lastly, Gallagher objects to defendants' request for reimbursement of fees in obtaining the transcript of the final pretrial conference on the ground that defendants have failed to show the transcript's necessity. The Court concurs. Defendants have not explained why the transcript is needed. The Court reduces defendants' bill of costs by $523.90.

## Conclusion

For the reasons stated above, the Court taxes costs in favor of defendants in the amount of $6,755.05.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 24, 2010